IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § § |
| VS. | §   CRIMINAL  NO. H-12-221 § § |
| DEMI MISCHEL MUNIZ LUIS ACEITUNO | § § |

**MEMORANDUM AND ORDER**

On February 17, 2011, the government applied for an order authorizing the disclosure of stored wire and electronic transactional records under 18 U.S.C. § 2703(c)(1) & (d). The government requested "[a]ny records or other information pertaining to historical cell site information (including any two-way radio feature mode) for the time period of: August 01, 2010 to August 21, 2010 (but not including the contents of communications) for the following Target Device: . . . a cellular telephone used by Demi Muniz and issued by T-Mobile." The Honorable Frances H. Stacey, United States Magistrate Judge for the Southern District of Texas, ordered the cell-phone service provider to disclose the requested information. The government did not obtain a search warrant.

The government intends to use the cell-site location information ("CSLI") at Muniz's trial as proof of her location from August 1, 2010 to August 21, 2010, specifically to show that she traveled from Texas to California with a group of illegal aliens.

On January 24, 2013, Muniz moved to suppress "all evidence of historical cellular telephone data pertaining to Defendant's cellular phone." (Docket Entry No. 74, at 1). The government responded. (Docket Entry No. 75). Muniz argues that the warrantless disclosure of CSLI violates the Fourth Amendment of the U.S. Constitution. Muniz argues that 18 U.S.C. § 2703(c)(1) & (d)

are unconstitutional to the extent they permit disclosure of CSLI by court order without a probable-cause finding.  The government responds that the Fourth Amendment does not require a warrant to obtain CSLI because cell-phone customers voluntarily transmit this data to a third-party: the carrier.  Because cell customers have no expectation of privacy, probable cause is not required.  Instead, the government need show only reasonableness to obtain compulsory process to obtain CSLI. The government also argues that suppression is inappropriate under the good-faith exception because the government obtained the CSLI through a subpoena issued by a magistrate judge.

To obtain CSLI under 18 U.S.C. § 2703(d), the government must present "specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  If getting the information required a probable cause showing, suppression is required unless an exception applies.  *Davis v. United States*, 131 S.Ct. 2419, 2426–27 (2011) ("[T]he exclusionary rule is a prudential doctrine . . . created by this Court to compel respect for the constitutional guaranty." (citation omitted)).

Under the "good-faith exception," suppression of evidence obtained without a valid search warrant is not required if law enforcement relies in good faith on a search warrant issued by a judicial officer, or believes in good faith that a warrantless search is authorized.  *United States v. Leon*, 468 U.S. 897, 920 (1987).  In *Leon*, suppression was not required when the police reasonably relied on a magistrate judge's incorrect determination that a warrant was supported by probable cause.  *Id.*  The good-faith exception can also apply when the government reasonably believes that it is authorized to, and does, obtain evidence through a warrantless search.  *See, e.g.*, *Illinois v. Krull*, 480 U.S. 340, 349–56 (1987) (holding that the good-faith exception applied to law enforcement's reliance on a statute authorizing a warrantless administrative search that was later held unconstitutional); *United States v. Jackson*, 825 F.2d 853, 865–66 (5th Cir. 1987) (en banc) (border

2

patrol agents' good faith reliance on prior Fifth Circuit precedent upholding warrantless searches at checkpoint precluded the application of the exclusionary rule to evidence discovered during a search the Fifth Circuit ultimately deemed illegal). "Evidence should be suppressed 'only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." *United States v. Chinwoh*, 477 F. App'x 184, 185 (5th Cir. 2012) (quoting *Herring v. United States*, 555 U.S. 135, 143 (2009); *Krull*, 480 U.S. at 348–49).

It is not yet settled whether the government needs probable cause and a search warrant to obtain CSLI, or whether it may do so through the statutory subpoenas authorized under 18 U.S.C. § 2703(d), which requires a less demanding "reasonableness" standard. One court has recently summarized the state of the case law, as follows:

> A majority of cases hold that a search warrant is not required. *See, e.g.*, *In re Application [of the United States for an Order Directing a Provider of Electronic Communication Service to Disclose Records to the Government]*, 620 F.3d [304,] 306–08 [(3d Cir. 2010)]; *United States v. Graham*, 846 F. Supp. 2d 384, 404 (D. Md. 2012); *In re Application for an Order Authorizing the Release of Historical Cell–Site Information*, No. 11–MC–0113(JO), 2011 WL 679925, at *2 (E.D.N.Y. Feb. 16, 2011); *United States v. Dye*, NO. 1:10CR221, 2011 WL 1595255, at *9 (N.D. Ohio Apr. 27, 2011); *United States v. Velasquez*, No. CR08–0730 WHA, 2010 WL 4286276, at *4–6 (N.D. Cal. Oct. 22, 2010); *United States v. Benford*, No. 2:09 CR 86, 2010 WL 1266507, at *2–3 (N.D. Ind. Mar. 26, 2010); *[United States v.] Suarez–Blanca*, 2008 WL 4200156, at *8 [(N.D. Ga. Apr. 21, 2008)]; *In re Applications of the U.S. for Orders Pursuant to 18 U.S.C. § 2703(d)*, 509 F. Supp. 2d 76, 80–81 (D. Mass. 2007). A minority hold that a search warrant is required. *See, e.g.*, *In re Application [of the United States of America for an Order Authorizing the Release of Historical Cell-Site Information]*, 809 F. Supp. 2d [113,] 126–27 [(E.D.N.Y. 2011)]; *In re Application of the U.S. for historical Cell Site Data*, 747 F. Supp. 2d 827, 844–46 (S.D. Tex. 2010), *appeal docketed*, No. 11–20884 (5th Cir. Dec. 14, 2011).

*United States v. Hardrick*, 2012 WL 4883666, at *6 (E.D. La. Oct. 15, 2012). The Supreme Court has yet to address whether obtaining CSLI has Fourth Amendment implications.

Determining the proper standard is not necessary to resolve the present motion. The good-faith exception to the exclusionary rule applies, making it unnecessary to decide whether

3

obtaining CSLI is a Fourth Amendment search. *See United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010) ("First, we ask whether the seizure falls within the good-faith exception to the exclusionary rule . . . [i]f the good-faith exception applies, this court affirms the district court's decision denying the motion to suppress."); *United States v. Craig*, 861 F.2d 818, 820 (5th Cir. 1988) ("Principles of judicial restraint and precedent dictate that, in most cases, we should not reach the probable cause issue if a decision on the admissibility of the evidence under the good-faith exception of *Leon* will resolve the matter."); *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999) ("If the good-faith exception applies, we need not reach the question of probable cause."); *see also United States v. Webb*, 255 F.3d 890, 904–05 (D.C. Cir. 2001) (holding that the good-faith exception applied no matter "what[ ] may be said of the search warrant affidavit in this case"); *United States v. Koch*, 625 F.3d 470, 476–77 (8th Cir. 2010) ("We need not address [whether there was a Fourth Amendment violation] because we conclude that the agents had an objective good faith belief . . . that their search was legal."). Although there is an exception for reaching the Fourth Amendment issues when "the resolution of a novel question of law . . . is necessary to guide future action by law enforcement officers and magistrates," *Craig*, 861 F.2d at 820–21 (quoting *Illinois v. Gates*, 462 U.S. 213, 264 (1983) (White, J., concurring in the judgment)), that exception does not apply here because the issue is currently before the Fifth Circuit. *See In re Application of the U.S. for Historical Cell Site Data*, 747 F. Supp. 2d 827, 844–46 (S.D. Tex. 2010), *appeal docketed*, No. 11–20884 (5th Cir. Dec. 14, 2011) (oral argument held on Oct. 2, 2012).

In *United States v. Hardrick*, the district court denied a suppression motion when the police obtained CSLI without a warrant. After an evidentiary hearing, the district court concluded that the government had obtained a subpoena for the CSLI from a Louisiana state magistrate judge. The magistrate judge had issued the subpoena under a Louisiana statute that "applied an identical

4

standard to § 2703(d)." 2012 WL 4883666, at *8. The district court applied the good-faith exception for the following reasons:

> Law enforcement's reliance on the magistrate's Orders was objectively reasonable. Because in 2007 it was objectively reasonable for police officers to believe that obtaining CSLI did not have Fourth Amendment implications, it was also objectively reasonable for them to rely on a state judge's Order granting access to the information. When issuing the Orders, the magistrate made the same reasonable assumptions as the detectives; namely, historical CSLI did not require a search warrant under the Fourth Amendment. A magistrate is not "inclined to ignore or subvert the Fourth Amendment," and law enforcement is "not expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." *Leon*, 468 U.S. at 916, 921. Accordingly, suppression would not be appropriate, even if it were true that the magistrate should have demanded a search warrant instead of a subpoena, because "[p]enalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." *Id.* at 921.
>
> To defeat a claim of good-faith, defendant's argument must focus on the illegality of the search under the Fourth Amendment. Defendant must argue that the officers "exhibit[ed] deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights," when they relied on the Order. *Davis*, 131 S. Ct. at 2427. In 2007, it was objectively reasonable to believe that historical CSLI had no Fourth Amendment implications and to rely on a state magistrate's Orders approving their requests. Law enforcement in this case did not disregard the Fourth Amendment; instead, the officers believed in good faith that obtaining CSLI was not a search. Suppression is therefore not appropriate, as the good-faith exception "should not be applied . . . to deter objectively reasonable law enforcement activity." *Leon*, 468 U.S. at 918.

*Id.*, at *7.

The facts of the present case present an even stronger reason to apply the good-faith exception than the facts in *Hardrick*. Here, there is no factual dispute over the source of law enforcement's authority to obtain the CSLI: a United States magistrate judge in this district and division ordered it. Law enforcement may generally rely in good faith on a magistrate judge's authorization unless one of four circumstances is present:

> (1) If the issuing magistrate/judge was misled by information in an affidavit that the affiant knew was false or would have known except for reckless disregard of the truth; (2) where the issuing magistrate/judge wholly abandoned his or her judicial role; (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where

>  the warrant is so facially deficient in failing to particularize the place to be searched
>  or the things to be seized that the executing officers cannot reasonably presume it to
>  be valid.

*United States v. Stalnaker*, 571 F.3d 428, 436 (5th Cir. 2009) (quoting *United States v. Payne*, 341 F.3d 393, 399–400 (5th Cir. 2003)).  Although several of these circumstances arise only in the context of an attempt to obtain a search warrant, no analogous circumstances indicating misdirection, judicial abdication, unreasonableness, or vagueness are present or argued here.  Rather, the only basis for Muniz's suppression argument is that law enforcement should have sought a search warrant instead of a § 2703(d) subpoena because the § 2703(d) standard is unconstitutional.  In light of the unsettled law in this area, and the explicit statutory provision for obtaining CSLI by subpoena, it was objectively reasonable for law enforcement and the magistrate judge to believe that Muniz's CSLI had no Fourth Amendment implications.  *See Hardrick*, 2012 WL 4883666, at *7.

The Fifth Circuit might reverse the ruling in *In re Application of the U.S. for Historical Cell Site Data*, 747 F. Supp. 2d 827 (S.D. Tex. 2010), and hold that a search warrant is necessary to obtain CSLI.  But at the time the magistrate judge ordered Muniz's cell-phone carrier to disclose the CSLI, the state of the law permitted the magistrate judge to enter her order and permitted the government to rely on it.  Suppression is inappropriate on this record, even if state of the law changes in the future.  *See, e.g.*, *Krull*, 480 U.S. at 349–56; *Jackson*, 825 F.2d at 865–66.

The defendant's motion to suppress is denied.

SIGNED on January 29, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge